IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LARRY NEAL BOSWORTH,          )    CIVIL 15-00285 LEK-BMK
                             )
          Plaintiff,         )
                             )
     vs.                     )
                             )
FOSS MARITIME, INLAND        )
BOATMAN'S UNION, RODNEY ALLEN )
MYERS, WHITNEY (WHIT) OLSON, )
                             )
          Defendants.        )
_____ )

**ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANTS FOSS MARITIME COMPANY, RODNEY ALLEN MYERS, AND WHITNEY OLSON'S MOTION TO DISMISS PLAINTIFF'S OPERATIVE PLEADING; AND GRANTING IN PART AND DENYING IN PART DEFENDANT INLANDBOATMEN'S UNION OF THE PACIFIC'S MOTION TO DISMISS PLAINTIFF LARRY NEAL BOSWORTH'S OPERATIVE PLEADING**

Before the Court are: Defendants Foss Maritime Company ("Foss"), Rodney Allen Myers ("Myers"), and Whitney Olson's ("Olson," all collectively "Foss Defendants") Motion to Dismiss Plaintiff's Operative Pleading ("Foss Motion"), filed on October 23, 2015; and a similar motion filed by Defendant Inlandboatmen's Union of the Pacific ("IBU" and "IBU Motion") on October 30, 2015. [Dkt. nos. 31, 36.] On March 16, 2016, pro se Plaintiff Larry Neal Bosworth ("Plaintiff") filed a memorandum in opposition to both motions. [Dkt. no. 51.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local

Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the Foss Motion and the IBU Motion are HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

In short, Plaintiff has not filed a short and plain statement of his claims showing that he is entitled to relief. Plaintiff must state facts that he claims support his lawsuit, and he must do so in numbered paragraphs. As explained more fully in this Order, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. This means Plaintiff may file for permission to file a second amended complaint by **April 29, 2016**. However, Plaintiff must state **all** of the claims that he is making and **all** of the facts, legal theories, and exhibits that his claims rely upon. This is because the law requires Plaintiff to give fair notice to Defendants so that they can understand for what and why Plaintiff is suing them.

<u>**BACKGROUND**</u>

On July 28, 2015, Plaintiff filed a document that has been construed as his complaint in the instant case ("7/28/15 Complaint"). [Dkt. no. 1.] On July 31, 2015, he filed a document titled "Amend Complaint" ("7/31/15 Filing"). [Dkt. no. 6.] On August 12, 2015, he filed a "Notice of Correction" ("8/12/15 Filing"), stating that he intend the 7/31/15 Filing to supplement – not replace – the 7/28/15 Complaint. [Dkt. no. 9.]

On September 14, 2015, Plaintiff filed a document that was titled both "Request to add amendment" and "2ND Amendment to Civil complaint" ("9/14/15 Filing"). [Dkt. no. 9.] The 9/14/15 Filing stated that Plaintiff wished to clarify the actions that form the basis of the case and what relief he seeks against which defendant.

On October 2, 2015, the magistrate judge issued an entering order ("10/2/15 EO") construing the 9/14/15 Filing as a request for leave to file an amended complaint. [Dkt. no. 18.] The magistrate judge granted the request and cautioned Plaintiff that he "must include all of the allegations that Plaintiff's claims are based upon, even if he previously presented these allegations in prior versions of the complaint"; and he "cannot incorporate any part of the prior versions of the complaint into this Amended Complaint by merely referencing earlier documents." [10/2/15 EO.] Plaintiff filed a document titled "Amended Complaint" on October 15, 2015 ("10/15/15 Complaint"). [Dkt. no. 25.] The 10/15/15 Complaint consists of a two-part, single-spaced narrative that is seven pages long, followed by multiple supporting documents, *i.e.*, exhibits.

The Foss Motion argues that Plaintiff's operative pleading consists, collectively, of the 7/28/15 Complaint, the 7/31/15 Filing, the 8/12/15 Filing, the 9/14/15 Filing, and the 10/15/15 Complaint. The Foss Defendants ask this Court to

dismiss Plaintiff's operative pleading without prejudice because it is so incomprehensible that the parties and the Court do not have fair notice of what Plaintiff's claims are or what alleged facts the claims are based upon.   The Foss Defendants argue that this Court can dismiss Plaintiff's operative pleading pursuant to Fed. R. Civ. P. 8(a)(2) and/or Fed. R. Civ. P. 12.

The IBU Motion asks this Court to dismiss Plaintiff's claims against IBU in the 10/15/15 Complaint pursuant to Rule 8 and/or Rule 12(b)(6).[1]  Plaintiff appears to allege claims against IBU based upon discrimination and failure to provide services, but has not pled any factual allegations supporting those claims.

**DISCUSSION**

## I.   Plaintiff's Operative Pleading

At the outset, this Court must address the Foss Defendants' argument that Plaintiff's operative pleading consists collectively of the 7/28/15 Complaint, the 7/31/15 Filing, the 8/12/15 Filing, the 9/14/15 Filing, and the 10/15/15 Complaint.

As a general rule, "when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent."   Rhodes v.

---

[1] It is unclear whether IBU seeks dismissal of the claims against it with prejudice or without prejudice.   Compare IBU Motion at 2 (moving for dismissal with prejudice), with Mem. in Supp. of IBU Motion at 7 (arguing the Court should grant the IBU Motion and dismiss Plaintiff's claims without prejudice).

Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (brackets, internal

quotation marks, and citation omitted).  As previously noted, the

10/2/15 EO cautioned Plaintiff that: his amended complaint had to

include all allegations that his claims rely upon, even if he

included those allegations in prior versions of his complaint;

and he could not incorporate the contents of prior versions of

the complaint merely by referring to the document in the amended

complaint.  It appears that Plaintiff did not completely

understand this admonition.

The 10/15/15 Complaint states: "I know that the Judge

said that I should not rely (refer to) on earlier documents but I

ask the Judge to consider this a continuance and better detail of

previous statements."  [10/15/15 Complaint at 4.²]  Further,

although the narrative in the 10/15/15 Complaint is longer than

the text of the 7/28/15 Complaint, the 7/31/15 Filing, the

8/12/15 Filing, or the 9/14/15 Filing, the 10/15/15 Complaint is

not a compilation of the content of the previous filings.  For

example, while the 10/15/15 Complaint contains additional factual

allegations that were not set forth in his previous filings, the

following allegations and statements are examples of relevant

content in his previous filings that he failed to include in the

---

² Plaintiff's filings do not have page numbers.  Thus, the
citations to Plaintiff's filings in this Order refer to the page
numbers assigned to the respective filings in the district
court's electronic case filing system.

10/15/15 Complaint:

-allegations that IBU "failed to properly represent" him and that
    Foss "broke many collective bargaining agreement rules as
    well as both Federal and State labor laws"; [7/28/15
    Complaint at 1;]

-a statement that Plaintiff brings this action pursuant to "the
    Jones Act, 46 U.S.C. 688";[3] [7/31/15 Filing at 1;]

-a prayer for relief and a jury demand; [id. at 5;] and

-a statement of the specific claims Plaintiff is asserting
    against which Defendant [9/14/15 Filing at 1].

In addition, although Plaintiff's 10/15/15 Complaint includes

multiple exhibits, it does not include significant documents that

Plaintiff included with some of his prior filings.  Plaintiff's

7/28/15 Complaint included his Dismissal and Notice of Rights,

dated April 27, 2015, from the United States Equal Employment

Opportunity Commission; and his 9/14/15 Filing included his

Notice of Dismissal and Right to Sue letter, dated May 11, 2015,

from the Hawai`i Civil Rights Commission.  Both concerned

Plaintiff's charge of discrimination against Hawaiian Tug &

Barge/Foss Maritime.[4]  [Dkt. nos. 1-1, 10-1.]

        This Court must liberally construe Plaintiff's

pleadings because he is proceeding pro se.  See, e.g., Eldridge

---

    [3] The Jones Act is 46 U.S.C. § 30104, et seq.  It was
formerly cited as 46 U.S.C. App. § 688, et seq.

    [4] According to Plaintiff, Foss Maritime bought out Hawaiian
Tug & Barge ("HTB") and, effective January 1, 2014, HTB became
the Hawai`i division of Foss Maritime.  [10/15/15 Complaint at
6.]  Plaintiff began his employment with HTB on June 12, 2012.
[Id. at 5.]

v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).  This Court will therefore – **for purposes of the instant motions only** – construe the 7/28/15 Complaint, the 7/31/15 Filing, the 8/12/15 Filing, the 9/14/15 Filing, and the 10/15/15 Complaint collectively as Plaintiff's operative pleading ("the Complaint").

This Court now turns to the merits of the instant motions.

## II.  Failure to Comply with Rule 8(a)(2)

The United States Supreme Court has stated that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (some citations and internal quotation marks omitted).  The "grounds" that the Supreme Court referred to are the facts being alleged that form the basis for the plaintiff's claim.  See id. ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual

allegations must be enough to raise a right to relief above the speculative level." (some alterations in Twombly) (citations omitted)).  In addition, the Ninth Circuit has stated that a district court "may dismiss an action for noncompliance with Rule 8 after considering less drastic alternatives if it cannot determine who is being sued, for what relief, and on what theory."  Cobb v. Reyes, 467 F. App'x 599, 599-600 (9th Cir. 2012).

Contrary to Fed. R. Civ. P. 10(b), Plaintiff did not set forth his factual allegations in numbered paragraphs.[5]  This Court also acknowledges that the Complaint is not a model of clarity, and the Complaint is – at times – rambling.  However, viewing the Complaint as a whole and reading it liberally, it is apparent to this Court that the crux of Plaintiff's claims is the allegedly wrongful termination of his employment with Foss and IBU's alleged failure to properly represent him in connection with his termination.  Plaintiff alleges that the purported reasons for his termination – his sub-standard job performance and failure to satisfactorily complete a training program that Foss told him would allow him to remain employed – was a pretext.

---

[5] Rule 10(b) states, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"

Plaintiff also alleges that Myers and Olson intentionally participated in his termination under false pretenses.  This Court therefore CONCLUDES that Plaintiff's Complaint gives the Foss Defendants and IBU (collectively "Defendants") fair notice of the general grounds upon which Plaintiff bases his claims. Plaintiff, however, must also give Defendants fair notice of what the claims against them are.

A.   **Plaintiff's Claims Against Foss**

Plaintiff alleges that Foss "broke many collective bargaining agreement rules as well as both Federal and State labor laws." [7/28/15 Complaint at 1.]  Plaintiff does not identify what provision of the collective bargaining agreement ("CBA"), or what specific federal and state labor laws, Foss allegedly violated.  Similarly, although it is clear that Plaintiff is attempting to bring a wrongful termination claim against Foss, this Court cannot determine what theory this claim is based upon.  Some of Plaintiff's allegations suggest that this claim is based on a breach of contract theory.  See, e.g., 10/15/15 Complaint at 6 (describing the December 6, 2013 letter informing Plaintiff of his placement in the remedial training program as a "contract").  However, other allegations suggest that Plaintiff's theory is that he was wrongfully terminated because of his age.  See, e.g., id. at 2 (alleging that, although Foss would, as a general rule, pay for former HTB captains to

9

take the classes necessary to upgrade their licenses to satisfy Foss's additional job requirements, it would not do so for Plaintiff because of his age, and therefore Plaintiff had no future with Foss). This Court therefore CONCLUDES that Plaintiff's claims against Foss alleging violation of the CBA, violation of federal labor laws, violation of state labor laws, and wrongful termination fail to give Foss sufficient notice, as required by Fed. R. Civ. P. 8(a)(2). This Court GRANTS the Foss Motion insofar as this Court DISMISSES those claims pursuant to Rule 8(a)(2).

Plaintiff also asserts the following claims against Foss: intentional infliction of emotional distress ("IIED");[6] fraud; negligent misrepresentation; and breach of contract. [9/14/15 Filing at 1.] This Court CONCLUDES that the assertion of these claims provides sufficient notice for purposes of Rule 8(a)(2), and this Court DENIES the Foss Motion's request for dismissal of those claims based on Rule 8(a)(2).

B.   **Plaintiff's Claims Against Myers and Olson**

Although Plaintiff describes how Myers and Olson were

---

[6] Plaintiff also refers to the "Tort of outrage." [9/14/15 Filing at 1.] However, under Hawai`i law, "IIED" and the "tort of outrage" refer to the same cause of action. See, e.g., Ingle v. Liberty House, Inc., Civil No. 94-0787(3), 1995 WL 757746, at *4 (Hawai`i Cir. Ct. Oct. 12, 1995) ("The tort of intentional infliction of emotional distress protects one's interest emotional security, solitude, stability and peace. It is sometimes referred to as the tort of 'outrage.'").

allegedly involved in the events that led to his termination, and
Plaintiff alleges that they acted intentionally, Plaintiff does
not identify the claims that he is bringing against Myers and
Olson.  If Plaintiff's position is that they are liable to the
same extent that Foss is liable, the Complaint does not identify
the legal basis for that position.  This Court therefore
CONCLUDES that Plaintiff has failed to give Myers and Olson
sufficient notice of the claims against them, as required by
Rule 8(a)(2).  This Court GRANTS the Foss Motion insofar as this
Court DISMISSES Plaintiff's purported claims against Myers and
Olson pursuant to Rule 8(a)(2).

     C.   **Plaintiff's Claims Against IBU**

     Plaintiff's Complaint, read as a whole and liberally
construed, alleges that IBU failed to properly represent him and
discriminated against him during the events that led to his
termination and in the months that followed.  This Court cannot
determine, based on the allegations in the Complaint, how IBU
allegedly discriminated against Plaintiff.  Although the
Complaint contains some allegations regarding age discrimination,
the alleged discrimination was committed by Foss personnel, and
there is no allegation that IBU is liable for those allegedly
discriminatory actions.  The Complaint does not contain any
allegations of discrimination by IBU itself.  This Court
therefore CONCLUDES that Plaintiff has failed to give IBU

sufficient notice of the discrimination claim against it, as required by Rule 8(a)(2).  However, this Court CONCLUDES that the Complaint, liberally construed, gives IBU sufficient notice that Plaintiff is asserting a claim against it for breach of the duty of fair representation.

Insofar as the IBU Motion asks this Court to dismiss the claims against IBU pursuant to Rule 8(a)(2), the IBU motion is GRANTED IN PART AND DENIED IN PART.  The discrimination claim against IBU is DISMISSED pursuant to Rule 8(a)(2), but the request to dismiss the fair representation claim against IBU pursuant to Rule 8(a)(2) is DENIED.

### III. Dismissal Pursuant to Rule 12(b)(6)

Defendants argue that, even where Plaintiff's claims survive dismissal under the Rule 8(a)(2) standard, this Court must dismiss the claims under Rule 12(b)(6).  The Ninth Circuit has described the standard applicable to a motion under Fed. R. Civ. P. 12(b)(6) as follows:

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the [plaintiff's] factual allegations "must . . . suggest that the claim has at least a plausible chance of success." In re Century Aluminum [Co. Sec. Litig.], 729 F.3d [1104,] 1107 [(9th Cir. 2013)].  In other words, their complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Iqbal, 556 U.S. at 678,

129 S. Ct. 1937).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014)

(some alterations in Levitt).  For purposes of the instant

motions to dismiss, this Court must assume that all of the

factual allegations in the Complaint are true.  However, this

Court is "'not bound to accept as true a legal conclusion couched

as a factual allegation.'"  See Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

### A.  Claims Against Foss

Plaintiff's remaining claims against Foss are state law

claims: IIED; fraud; negligent misrepresentation; and breach of

contract.

The Hawai`i courts "have adopted the Restatement

(Second) of Torts' approach to IIED claims.  The elements of an

IIED claim are: '1) that the act allegedly causing the harm was

intentional or reckless, 2) that the act was outrageous, and

3) that the act caused 4) extreme emotional distress to

another.'"  Simmons v. Aqua Hotels & Resorts, Inc., 130 Hawai`i

325, 332, 310 P.3d 1026, 1033 (Ct. App. 2013) (quoting Hac v.

Univ. of Hawai`i, 102 Hawai`i 92, 106-07, 73 P.3d 46, 60-61

(2003)).  Plaintiff's Complaint does not state sufficient factual

allegations to allow this Court to draw the reasonable inference

that Foss is liable for IIED.  This Court therefore CONCLUDES

that Plaintiff's IIED claim against Foss fails to state a

plausible claim for relief.

        Turning to Plaintiff's fraud claim, this district court

has stated:

> A party claiming fraud must establish the
> following elements:
>
>> (1) false representations were made by
>> defendants, (2) with knowledge of their
>> falsity (or without knowledge of their truth
>> or falsity), (3) in contemplation of
>> plaintiff's reliance upon these false
>> representations, and (4) plaintiff did rely
>> upon them.
>
> Shoppe v. Gucci Am., Inc., 94 Hawai`i 368, 386, 14
> P.3d 1049, 1067 (2000).  Additionally, Federal
> Rule of Civil Procedure 9(b) imposes a "heightened
> pleading standard" requiring a party to state with
> particularity the circumstances constituting
> fraud.  In other words, "[a]verments of fraud must
> be accompanied by the who, what, when[,] where[,]
> and how of the misconduct charged."  Vess v.
> Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th
> Cir. 2003).

Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015

WL 1966671, at *4-5 (D. Hawai`i Apr. 30, 2015) (some alterations

in Pregana) (some citations and internal quotation marks

omitted).  Plaintiff's Complaint does not state facts in his

allegations that would establish the elements of his fraud claim.

Further, the Complaint does not satisfy the heightened pleading

standard for fraud claims – the who, what, when, where and how of

the alleged misconduct by Foss.  This Court therefore CONCLUDES

that Plaintiff's fraud claim against Foss fails to state a

plausible claim for relief.

Plaintiff's negligent misrepresentation claim is not subject to the heightened pleading standard for fraud-based claims.  See Soriano v. Wells Fargo Bank, N.A., Civil. No. 11-00044 SOM/KSC, 2012 WL 1536065, at *13 (D. Hawai`i Apr. 30, 2012) ("Although a negligent misrepresentation claim in some jurisdictions is subject to Rule 9(b), a negligent misrepresentation claim under Hawaii law is not." (citations omitted)).  The elements of a negligent misrepresentation claim are: "(1) false information be supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation."  Santiago v. Tanaka, No. SCWC-11-0000697, 2016 WL 207118, at *16 (Hawai`i Jan. 15, 2016) (citations and quotation marks omitted).  Plaintiff's Complaint does not contain facts in his claim that would establish the elements of his negligent misrepresentation claim. This Court therefore CONCLUDES that Plaintiff's negligent misrepresentation claim against Foss fails to state a plausible claim for relief.

Turning to Plaintiff's breach of contract claim, this Court has stated:

> To state a claim for breach of contract, a
> plaintiff must plead: (1) the contract at issue;
> (2) the parties to the contract; (3) whether
> plaintiff performed under the contract; (4) the

15

particular provision of the contract allegedly
violated by [d]efendant; and (5) when and how
[d]efendant allegedly breached the contract.

Leff v. Bertozzi Felice Di Giovanni Rovai & C. Srl, CIVIL NO. 15-

00176 HG-RLP, 2015 WL 9918660, at *5 (D. Hawai`i Dec. 30, 2015)

(alterations in Leff) (citations and internal quotation marks

omitted), report and recommendation adopted, 2016 WL 335850 (D.

Hawai`i Jan. 26, 2016).   In the instant case, Plaintiff's

Complaint does not contain either the basic elements of a breach

of contract claim or the facts to support such a claim.   This

Court therefore CONCLUDES that Plaintiff's breach of contract

claim against Foss fails to state a plausible claim for relief.

This Court GRANTS the Foss Motion insofar as this Court

DISMISSES Plaintiff's IIED, fraud, negligent misrepresentation,

and breach of contract claims against Foss pursuant to

Rule 12(b)(6).

    B.   **Claim Against IBU**

Turning to Plaintiff's claim against IBU for breach of

the duty of fair representation, this district court has stated:

> [W]hen an employer breaches a CBA and a union
> fails to address the breach, plaintiffs may bring
> a "hybrid action" pursuant to Vaca [v. Sipes]
> against both the employer and the union.   See Vaca
> [v. Sipes], 386 U.S. [171,] 186, 87 S. Ct. 903
> [(1967)].   In DelCostello v. Int'l Brotherhood of
> Teamsters, the United States Supreme Court
> explained the nature of such a hybrid action
> brought pursuant to Vaca: "when the union
> representing the employee [against the employer]
> in the grievance/ arbitration procedure acts in
> such a discriminatory, dishonest, arbitrary, or

16

perfunctory fashion as to breach its duty of fair
representation . . . an employee may bring suit
against both the employer and the union,
notwithstanding the outcome or finality of the
grievance or arbitration proceeding." <u>See
DelCostello v. Int'l Brotherhood of Teamsters</u>, 462
U.S. 151, 164, 103 S. Ct. 2281, 76 L. Ed. 2d 476
(1983).  The resulting hybrid action claim
comprises two causes of action.  <u>Id.</u>  "The suit
against the employer rests on § 301 [of the Labor
Management Relations Act, 29 U.S.C. § 185], since
the employee is alleging a breach of the
collective bargaining agreement." <u>Id.</u>  "The suit
against the union is one for breach of the union's
duty of fair representation, which is implied
under the scheme of the National Labor Relations
Act." <u>Id.</u>  To prevail against either the employer
or the union, the employee-plaintiff must not only
show that his "discharge was contrary to the
contract but must also carry the burden of
demonstrating a breach of duty by the Union." <u>Id.</u>
at 164-65, 103 S. Ct. 2281; <u>see also</u> <u>Bliesner v.
Commc'n Workers of Am.</u>, 464 F.3d 910, 914 (9th
Cir. 2006) (noting that "breach of a duty of fair
representation by the union is a necessary
prerequisite to a successful suit against the
employer for a breach of the CBA"); <u>Gibson v. U.S.
Postal Serv.</u>, 380 F.3d 886, 888-89 (5th Cir. 2004)
("Hybrid § 301 actions are comprised of two
elements: 1) an allegation that the employer
breached the collective bargaining agreement; and
2) an allegation that the union breached its duty
of fair representation." (citations omitted)).

<u>Nosie v. Ass'n of Flight Attendants-CWA, AFL-CIO</u>, 722 F. Supp. 2d

1181, 1201 n.13 (D. Hawai`i 2010) (some alterations in <u>Nosie</u>).

In the instant case, to the extent he is alleging a hybrid § 301

claim, Plaintiff's claim fails because: 1) he did not allege a

sufficient claim against Foss for breach of the CBA; and 2) he

neither alleges how IBU failed to properly represent him nor

pleads sufficient facts to support his claim against IBU.

17

This Court therefore CONCLUDES that Plaintiff's claim against IBU for breach of the duty of fair representation fails to state a plausible claim for relief.  This Court GRANTS the IBU Motion insofar as this Court DISMISSES that claim pursuant to Rule 12(b)(6).

## IV.   Summary and Leave to Amend

This Court has dismissed all of Plaintiff's claims, pursuant to either Rule 8(a)(2) or Rule 12(b)(6).  The Ninth Circuit has held that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

As to the claims that this Court has dismissed pursuant to Rule 12(b)(6), this Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects in those claims by amendment.  As to the claims that this Court has dismissed pursuant to Rule 8(a)(2), this Court cannot give Plaintiff notice of the claims' specific deficiencies because this Court cannot determine the precise nature of those claims.  However, that also means that this Court cannot conclude that it is absolutely clear no amendment can cure the defects in those claims.  This Court therefore CONCLUDES that it is arguably possible for Plaintiff to amend the Complaint to cure the defects in the claims that this

18

Court dismissed pursuant to Rule 8(a)(2).  Thus, the dismissal of each of Plaintiff's claims is WITHOUT PREJUDICE.  To the extent that the IBU Motion seeks dismissal of the claims against IBU with prejudice, the IBU Motion is DENIED.

Insofar as the dismissal is without prejudice, this Court will allow Plaintiff to file a motion for leave to file a second amended complaint.  Plaintiff must attach his proposed second amended complaint to the motion for leave to file.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").  This Court ORDERS Plaintiff to file his motion for leave to file a second amended complaint by **April 29, 2016**.  The motion will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that his second amended complaint must state **all of the claims that he is making** and it must contain **all of the facts, all of the legal theories, and all of the exhibits** that his claims rely upon.  Plaintiff cannot rely upon or incorporate by reference any portion of any of his prior pleadings in this case.  **This Court will not consider Plaintiff's second amended complaint collectively with his prior pleadings in this case**.

19

This Court also CAUTIONS Plaintiff that, if he fails to file his motion for leave to file a second amended complaint by **April 29, 2016**, all of the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case.  In other words, Plaintiff would have no remaining claims in this case, and his lawsuit will be over.  This Court also CAUTIONS Plaintiff that, even if the magistrate allows Plaintiff to file his proposed second amended complaint, this Court may still dismiss any amended claim with prejudice if the amended claim fails to cure the defects identified in this Order.

## IV. **Plaintiff's Address**

Finally, this Court notes that Plaintiff's address of record is a Honolulu address.  As recently as January 28, 2016, Plaintiff filed a document with that address.  [Dkt. no. 46.]  However, when the Clerk's Office served this Court's February 16, 2016 order on Plaintiff at that address, the envelope was returned as undeliverable, with a notation that Plaintiff's address is a Kailua Kona general delivery address.  [Dkt. no. 47 (order), 50 (entry regarding return).]  Plaintiff's memorandum in opposition to the instant motions had a street address in Kailua Kona.  Plaintiff states that he has moved and that this is his new address.  [Mem. in Opp. at 2.]

20

> Local Rule 83.1(h) states, in pertinent part:
>
> A *pro se* party shall . . . file and serve on all other parties who have appeared in the action any change of address, and the effective date of the change.  The notice required by this rule shall be filed within fourteen (14) days of the change. Failure to comply with this rule may result in sanctions, including but not limited to monetary fines, dismissal of the case, or entry of a judgment.

Although Plaintiff has not filed a notice of his change of address, as required by Local Rule 83.1(h), in light of the fact that Plaintiff is proceeding pro se, this Court CONSTRUES the memorandum in opposition as his notice of his change of address. This Court DIRECTS the Clerk's Office to change Plaintiff's address of record to the address reflected in the memorandum in opposition.

This Court REMINDS Plaintiff that, if he wishes to change his address of record in the future, he must file the notice described in Local Rule 83.1(h).  This Court CAUTIONS Plaintiff that his failure to do may result in the dismissal of this case.

## CONCLUSION

On the basis of the foregoing, the Foss Defendants' Motion to Dismiss Plaintiff's Operative Pleading, filed October 23, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART, and IBU's Motion to Dismiss Plaintiff Larry Neal Bosworth's Operative Pleading, filed October 30, 2015, is HEREBY GRANTED IN

PART AND DENIED IN PART.  Each of the claims in Plaintiff's current "Complaint" – which consists collectively of the documents listed *supra* Discussion Section I – is HEREBY DISMISSED WITHOUT PREJUDICE.  Plaintiff must file his motion for leave to file a second amended complaint by **April 29, 2016**, and the motion must comply with the rulings in this Order.

   IT IS SO ORDERED.

   DATED AT HONOLULU, HAWAII, March 21, 2016.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**LARRY NEAL BOSWORTH VS. FOSS MARITIME, ET AL; CIVIL 15-00285 LEK-BMK; ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANTS FOSS MARITIME COMPANY, RODNEY ALLEN MYERS, AND WHITNEY OLSON'S MOTION TO DISMISS PLAINTIFF'S OPERATIVE PLEADING; AND GRANTING IN PART AND DENYING IN PART DEFENDANT INLANDBOATMEN'S UNION OF THE PACIFIC'S MOTION TO DISMISS PLAINTIFF LARRY NEAL BOSWORTH'S OPERATIVE PLEADING**