IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY NEAL BOSWORTH, | ) | CIVIL NO. 15-00285 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY |
| | ) | PLAINTIFF LARRY BOSWORTH'S |
| FOSS MARITIME, INLAND | ) | MOTION FOR LEAVE TO FILE A |
| BOATMAN'S UNION, RODNEY | ) | SECOND AMENDED COMPLAINT |
| ALLEN MYERS, and WHITENY | ) | |
| OLSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF LARRY BOSWORTH'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Larry Neal Bosworth ("Mr. Bosworth" or "Plaintiff") filed

his Motion for Leave to File a Second Amended Complaint on April 29, 2016

("Motion"). *See* ECF No. 57. Defendants Foss Maritime Company ("Foss"),

Rodney Allen Myers ("Mr. Myers"), and Whitney Olson ("Mr. Olson")

(collectively "Foss Defendants") filed their Opposition on May 17, 2016. *See* ECF

No. 61. Defendant InlandBoatmen's Union of the Pacific ("IBU") filed its

Opposition on May 17, 2016. *See* ECF No. 62. The Court held a hearing on the

Motion on June 7, 2016. *See* ECF No. 66. Mr. Bosworth appeared *pro se* by

telephone. Austin F. McCullough, Esq. and Robert S. Katz, Esq. appeared on

behalf of Foss Maritime.  Ashley K. Ikeda, Esq. appeared on behalf of IBU, and

Carson Flora, Esq. also appeared on behalf of IBU by telephone.

After careful consideration of the Motion, the parties' memoranda, the

arguments of counsel and Plaintiff, and the record established in this action, the

Court FINDS and RECOMMENDS that Mr. Bosworth's Motion be denied on

futility grounds.

BACKGROUND

The district court detailed the background in this case in its March 21,

2016 Order: Granting In Part And Denying In Part Defendants Foss Maritime

Company, Rodney Allen Myers, and Whitney Olson's Motion to Dismiss

Plaintiff's Operative Pleading; and Granting in Part And Denying in Part

Defendant Inlandboatmen's Union of the Pacific's Motion to Dismiss Plaintiff

Larry Neal Bosworth's Operative Pleading ("March 21, 2016 Order").  *See* ECF

No. 53.

In its March 21, 2016 Order, the district court first addressed

Plaintiff's operative pleading, which the district court found consisted collectively

of the 7/28/15 Complaint, the 7/31/15 Filing, the 8/12/15 Filing, the 9/14/15 Filing,

and the 10/15/15 Complaint (collectively "Complaint").  ECF No. 53 at 4.  The

district court noted that it had previously cautioned Plaintiff that any amended

complaint had to include all allegations that his claims relied upon even if he had

already included those allegations in prior versions of his complaint.  ECF No. 53.

Liberally construing Plaintiff's pro se pleadings, however, the district court

construed all of the various filings as the operative pleading for the purposes of

Foss Defendants' and IBU's Motion to Dismiss ("Motions to Dismiss").  *See*

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has

instructed the federal courts to liberally construe the 'inartful pleading' of pro se

litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Turning to the merits of the Motions to Dismiss, the district court first

concluded that the Complaint did not comply with Rule 10(b) of the Federal Rules

of Civil Procedure.  *See* ECF No. 53 at 8.  The district court found that the

Complaint did not set forth Plaintiff's factual allegations in numbered paragraphs

as required by Rule 10(b).  The district court next concluded that the Complaint

failed to give sufficient notice, as required by Rule 8(a)(2) of the Federal Rules of

Civil Procedure, of the following claims: (1) Plaintiff's claims against Foss

alleging violation of the Collective Bargaining Agreement, violation of federal

labor laws, violation of state labor laws, and wrongful termination; (2) Plaintiff's

purported claims against Myers and Olson; and (3) Plaintiff's claims against IBU

alleging discrimination.  *Id*. at 10.

Notwithstanding Plaintiff's failure to comply with Rule 10(b) and

Rule 8(a)(2), the district court concluded that the Complaint gave Foss Defendants

and IBU fair notice of some of the general grounds upon which Plaintiff based his claims, as required by Rule 8(b)(2).  *Id*. at 9.  First, the district court concluded the Complaint gave Foss sufficient notice of Plaintiff's claims against Foss alleging intentional infliction of emotional distress ("IIED"), fraud, negligent misrepresentation, and breach of contract.  *Id.* at 10.  Second, the district court concluded that the Complaint gave IBU sufficient notice of Plaintiff's claim against IBU alleging breach of the duty of fair representation.

The district court concluded, however, that although the foregoing claims complied with Rule 8(a)(2), Plaintiff's claims failed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id*. at 13-18.  Accordingly, the district court dismissed all the claims in Plaintiff's Complaint without prejudice.  *Id*. at 18.  The district court granted Plaintiff leave to file a motion for leave to file second amended complaint and ordered Plaintiff to file such motion by April 29, 2016.  *Id.* at 19.  The Court cautioned Plaintiff that the Court would not consider Plaintiff's second amended complaint collectively with his prior pleadings in the case:

> This Court CAUTIONS Plaintiff that his second amended complaint must state **all of the claims that he is making** and it must contain **all of the facts, all of the legal theories, and all of the exhibits** that his claims rely upon. Plaintiff cannot rely upon or incorporate by reference any portion of any of his prior pleadings in this case.

*Id.* (emphases in original).  Mr. Bosworth timely filed a motion for leave to file a second amended complaint.

DISCUSSION

Mr. Bosworth's April 29, 2016 filing titled "Motion for Leave to File a Second Amended Complaint" appears to be a proposed second amended complaint rather than a motion.  Notwithstanding the lack of any arguments in the filing supporting a motion for leave to amend, the Court shall construe Mr. Bosworth's *pro se* filing as a motion for leave to amend as well as a proposed Second Amended Complaint ("SAC").  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (holding that a document filed *pro se* is "to be liberally construed").

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading must be freely given when justice so requires.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  "Although the rule should be interpreted with 'extreme liberality,' . . . leave to amend is not to be granted automatically."  *Id.* (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  A district court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal."  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient

claim or defense." *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.

1988). "When a court denies leave to amend on the ground of futility, it means

that the court has reached the legal conclusion that the amended complaint could

not withstand a Rule 12(b)(6) motion." *Illinois Nat. Ins. Co. v. Nordic PLC Const.,*

*Inc*., No. CIV. 11-00515 SOM, 2013 WL 1337007, at *5 (D. Haw. Mar. 28, 2013)

(citing *Miller*, 845 F.2d at 214).

## I.  THE COURT FINDS AND RECOMMENDS THAT THE DISTRICT COURT DENY LEAVE TO AMEND ON FUTILITY GROUNDS

The denial of leave to amend based on futility is sometimes seen as

tantamount to a dismissal for failure to state a claim because the test for futility, *i.e.*

determining the legal sufficiency of a proposed amendment, is identical to the one

used when considering the sufficiency of a pleading challenged under Rule

12(b)(6). *Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc*., 2013 WL 1337007, at

*5.  For this reason, "courts sometimes conclude that, absent the parties' consent,

only district judges can issue orders resolving futility issues relating to a motion for

leave to file an amended complaint." *Id*.

This district has not ruled on the issue of whether a magistrate judge

may issue an order resolving a futility issue; however, in an abundance of caution,

for the reasons discussed below, this Court FINDS that Mr. Bosworth's proposed

amendment would be futile and thus, RECOMMENDS that the district court deny

Mr. Bosworth's Motion.

## II.  GRANTING MR. BOSWORTH LEAVE TO AMEND WOULD BE FUTILE

At the outset, the Court notes that the proposed SAC is at times,

incomprehensible, rambling, and unclear.  The district court advised Mr. Bosworth

in its March 21, 2016 Order that his Complaint failed to comply with Rule 10(b) of

the Federal Rules of Civil Procedure, which requires claims to be stated in

numbered paragraphs, each limited as far as practicable to a single set of

circumstances.  Nonetheless, only three of the eleven pages of Mr. Bosworth's

proposed SAC contains numbered paragraphs.  The other eight pages consist of

lengthy, verbose, and at times, incoherent statements.

Notwithstanding the deficiencies in Mr. Bosworth's proposed SAC,

liberally construing the proposed SAC and viewing the proposed SAC as a whole,

the gravamen of the proposed SAC appears two-fold.  First, it appears that Mr.

Bosworth alleges that Foss wrongfully terminated him and that IBU breached its

duty of fair representation in connection with the alleged wrongful termination.

Based on this alleged wrongful termination, Mr. Bosworth appears to allege (1) a

hybrid 301 action against Foss and IBU pursuant to 29 U.S.C. § 185 ("hybrid 301

action"), (2) a wrongful termination claim against Foss for violation of Hawaii

Revised Statutes ("HRS") Section 378-32,  (3) a breach of contract claim against

Foss, (4) a fraud claim against Foss, and (5) a "willful contribution to wrongful termination" claim against Mr. Myers and Mr. Olson.

Second, Mr. Bosworth appears to allege that this wrongful termination caused him psychological injury. Although it is unclear, it appears that Mr. Bosworth alleges that, as a "seaman," he is entitled to recover under the Jones Act for negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") based on his psychological injury. It is equally possible, however, that Mr. Bosworth may be alleging his NIED and IIED claims under state law notwithstanding his status as a "seaman" under the Jones Act. In any case, the Court will consider his NIED and IIED claims under both the Jones Act and state law.

A. Claims Based on the Alleged Wrongful Termination

1. Mr. Bosworth's Hybrid 301 Action

"Section 301(a) of the [Labor Management Relations Act ("LMRA")] provides a federal remedy for breach of a collective-bargaining agreement." *Groves v. Ring Screw Works, Ferndale Fastener Div.*, 498 U.S. 168, 172 (1990). This section authorizes "'suits by and against individual employees as well as between unions and employers,' including actions against an employer for wrongful discharge." *Id.* (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Unlike a "straightforward action" under section 301 where the

union sues the employer alleging that the employer breached the collective

bargaining agreement, in a "hybrid action," the employee sues the union and the

employer alleging that the employer unfairly treated the employee and that the

union violated the duty of fair representation owed to the employee. *Conley v.*

*Int'l Broth. Of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987).

The proposed SAC contains a hybrid action as evidenced by the first

statement in the Motion: "This suit is being brought before this court against Foss

Maritime and IBU collectively as a hybrid action as per 301 of the Labor

Management Relations Act, 29 U.S.C. 185." *See* ECF No. 57 at 1.  Mr.

Bosworth's proposed SAC also states, "This action is filed by employee Larry

Bosworth for enforcement of collective bargaining agreements . . . ." *Id.*  In

addition, Mr. Bosworth alleges that IBU breached its duty of fair representation in

connection with the alleged wrongful termination.  Under the section titled "Nature

of Complaint," Mr. Bosworth references both Foss's and IBU's breaches in

connection with the collective bargaining agreement:

> 4.1 Wrongfull [sic] termination of my employment with
> Foss/HTB, and the Inland Boatman's Union (IBU) failure to
> properly represent and enforce the collective bargaining
> agreement rules and regulations that was entered into effective
> July 01, 2011 . . .
>
> 4.3 Breach of the duty of fair representation of Larry Bosworth
> in connection with said termination by Inland Boatman's Union

Accordingly, it appears that Mr. Bosworth alleges a hybrid action.  Mr. Bosworth's hybrid action against Foss and IBU, however, is time barred.

A six-month statute of limitations period applies to hybrid section 301/duty of fair representation suits.  *Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403–04 (9th Cir. 1990).  A hybrid action accrues on the date the union representative informs the employee that the union will not pursue a grievance on the employee's behalf.  *Id.* at 404.  *See also Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986) (the statute of limitations "begins to run when an employee knows or should know of the alleged breach of duty of fair representation").  Foss terminated Mr. Bosworth by a letter dated February 13, 2014.  *See* ECF No. 57-8 at 31.  By letter dated May 15, 2014, the Union informed Mr. Bosworth that it would not be pursuing his grievances against Foss for the termination.  *See* ECF No. 57-4 at 17.  Accordingly, Mr. Bosworth's cause of action accrued on May 15, 2014.

Mr. Bosworth did not commence the instant action until July 28, 2015, one year and seven months after his action accrued.  As such, the Court finds that Mr. Bosworth's hybrid action against Foss and IBU is time-barred and thus, granting Mr. Bosworth leave to amend his Complaint to include the hybrid claim would be futile.  *See Mayjor v. Harrah's Las Vegas, Inc.*, 136 Fed.Appx. 15, 17 (9th Cir. 2005) ("Because the statute of limitations barred the entire hybrid action . . . the district court did not abuse its discretion by denying [plaintiff] leave to

10

amend to name the Union as a defendant . . . .") (citing *Bonin v. Calderon,* 59 F.3d

815, 845 (9th Cir. 1995) (futility alone can justify the denial of leave to amend)).

2.  HRS Section 378-32.

The proposed SAC also includes what appears to be a claim under

HRS Section 378-32.  Under the section titled "Nature of Action," Mr. Bosworth

states, "For enforcement of Labor law violations of Section 378-32, (HRS)."  ECF

No. 57 at 1.  Although the proposed SAC does not identify the subsection in

Section 378-32 that applies to this claim, it appears that section (a)(2) is the most

applicable.

Section 378-32(a)(2) states that it is unlawful for an employer to

discharge any of its employees solely because of "a work injury that arose out of

and in the course of the employee's employment with the employer and which is

compensable under [HRS] chapter 386."  Section 378-32, however, does not apply

to Mr. Bosworth because his injuries are not compensable under HRS Chapter 386.

Chapter 386 applies to "employees and employers engaged in

interstate and foreign commerce and to employees in maritime employment and

their employers *not otherwise provided for by the laws of the United States*."  HRS

§ 386-7.  As evidenced by Mr. Bosworth's repeated references to the Jones Act

and his status as a "Jones Act seaman" in his proposed SAC, the Jones Act, not

Section 378-32, is the proper avenue for relief.  Accordingly, there is no set of

11

facts that can be proven under the proposed SAC that would constitute a valid and sufficient Section 378-32 claim.  Thus, granting Mr. Bosworth leave to amend his Complaint to include a Section 378-32 claim would be futile.

3.  Wrongful Termination by Way of Fraud and Breach of Contract

Mr. Bosworth appears to raise claims for fraud and breach of contract in connection with his alleged wrongful termination.  In his Motion, Mr. Bosworth references these claims as follows under the section titled "Nature of Complaint": "4.2 Wrongful termination by way of fraud and breach of contract by Foss Maritime."  ECF No. 57 at 3.  The Court finds that Mr. Bosworth fails to state a plausible claim for relief for either of these claims.

Only a complaint that "states a plausible claim for relief" survives a Rule 12(b)(6) motion to dismiss.  *Evans v. Massachusetts Nurses' Ass'n*, No. CIV. 13-00272 SOM, 2013 WL 3731104, at *1 (D. Haw. July 12, 2013).  "To state a plausible claim, the complaint must, at a minimum, plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal brackets and internal quotation marks omitted) (citation omitted).  Here, the proposed SAC does not state sufficient factual allegations to allow this Court to draw the reasonable inference that Foss is liable for Mr. Bosworth's breach of contract or fraud claims.  Moreover, Mr. Bosworth's references to his contract and fraud claims are extremely difficult to comprehend.

First, Mr. Bosworth references his breach of contract and fraud claims when he explains that he was given a letter on December 8, 2013, which informed him that he would be placed in a training program.  ECF No. 57 at 5.  Mr. Bosworth contends that he considered this letter to be a contract that stated that he would be placed into a training program for 46 days, and that if he did not successfully complete the training program, he would be terminated.  *Id*.  Mr. Bosworth then explains that this "contract" contained 5 examples questioning his competence, but that there was no trail of evidence to support this.  *Id*.  Mr. Bosworth states, "This is where the Fraud aspect of my claim lies."  *Id.*

Next, Mr. Bosworth references a "contract" again when he states that he considered the "Training Memorandum" and a "blank training syllabus" that his operations manager, Mr. Jed Comeford, gave him to be contracts.  *Id*. at 6.  He also references a contract again when he states:

> I have since come to realize that all of this action against me was probally [sic] being dictated to my managers from the Seattle based main office and most likely (speculation) being directed by Skip Vocal. **I may never know the why but that should not excuse Foss Maritime and/or the IBU from breaking mutable labor laws and disregarding a contractual agreement that is supported out of the wages earned by me as a worker and Federal tax payer since 1971.**

*Id*. at 10 (emphasis added).

Finally, Mr. Bosworth references fraud again when he alleges that he called the company's ethics hotline. *Id.* at 9.  Although his statements are very difficult to follow, it appears that Mr. Bosworth was dissatisfied with how the individuals from the ethic's hotline handled his call, and thus, he believes this amounts to fraud.

As the district court explained in its March 21, 2016 Order, a party claiming fraud must establish the following four elements: "(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them." ECF No. 53 at 14 (citing *Shoppe v. Gucci Am., Inc.,* 94 Haw. 368, 386, 14 P.3d 1049, 1067 (2000)).  Here, the proposed SAC fails to allege sufficient facts supporting all of these elements.

Mr. Bosworth's breach of contract claim equally fails for the same reasons.  To state a claim for breach of contract, a plaintiff must plead: "(1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by [d]efendant; and (5) when and how [d]efendant allegedly breached the contract." *Leff v. Bertozzi Felice Di Giovanni Rovai & C. Srl*, No. CV 15-00176 HG-RLP, 2015 WL 9918660, at *5 (D. Haw. Dec. 30, 2015), *adopted by*, No. CV 15-00176

14

HG-RLP, 2016 WL 335850 (D. Haw. Jan. 26, 2016). Tantamount to his fraud claim, Mr. Bosworth fails to plead factual content that allows this Court to draw the reasonable inference that the defendant is liable for breach of contract. Accordingly, Mr. Bosworth fails to state a plausible claim for relief for either breach of contract or fraud.

Notably, even if Mr. Bosworth could arguably plead sufficient facts to support a breach of contract or fraud claim, this Court finds that Section 301 of the LMRA would preempt these claims. When employment is governed by the terms of a collective bargaining agreement between the employer and a union, claims such as wrongful termination and breach of contract are preempted by section 301 of the LMRA. *See Mayjor*, 136 Fed.Appx. at 16–17 (9th Cir. 2005) (holding that the district court properly determined that the plaintiff employee's wrongful termination and breach of contract claim were preempted by section 301 of the LMRA because plaintiff's employment was governed by the terms of the collective bargaining agreement between his employer and his union).

Here, it is undisputed that Mr. Bosworth's employment was governed by the terms of a collective bargaining agreement. Mr. Bosworth makes several references to this collective bargaining agreement and at times, indicates that the collective bargaining agreement is the basis for his claims. *See* ECF No. 57 at 1 ("This action is filed by employee Larry Bosworth for enforcement of collective

bargaining agreements . . . ."). Thus, even if Mr. Bosworth could amend his complaint to state a plausible claim for relief for breach of contract or fraud, the Court finds that these claims would nonetheless be preempted by 301 of the LMRA. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir.1987). ("The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a [CBA]."). Granting Mr. Bosworth leave to amend his Complaint to include these claims would be futile.

4.  Willful Contribution to Wrongful Termination

Mr. Bosworth alleges that Mr. Myers and Mr. Olson are "management Captains from the mainland" sent by Foss to train Mr. Bosworth. ECF No. 57 at 6. Mr. Bosworth alleges that they wrote the evaluation reports that were used to justify Mr. Bosworth's termination. ECF No. 57 at 3. Mr. Bosworth thus asserts a "willful contribution to wrongful termination and said injury" claim against Mr. Myers and Mr. Olson in his proposed SAC. *See* ECF No. 57 at 3.

As explained above, it appears that Mr. Bosworth's wrongful termination claim against Foss is predicated on his hybrid 301 action. Accordingly, it appears that Mr. Bosworth's "willful contribution to wrongful termination" claims against Mr. Myers and Mr. Olson are also brought pursuant to section 301 of the LMRA. The law is well settled, however, that "individual employees are not proper parties to a suit" brought under Section 301 of the

16

LMRA.  *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980).  *See also Sine v. Local No. 992, Int'l Bhd. of Teamsters,* 730 F.2d 964, 966 (4th Cir. 1984) (§ 301 suit may only be brought against the parties to the contract); *Loss v. Blankenship,* 673 F.2d 942, 946–47 (7th Cir. 1982) (agreeing with the reasoning of *Ramsey* and holding that a complaint against an individual employee was not actionable under § 301).  *Cf. Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 407 (1981) ("the legislative history of § 301 clearly reveals Congress' intent to shield individual employees from liability for damages arising from their breach of the no-strike clause of a collective-bargaining agreement, whether or not the union participated in or authorized the illegality").

Mr. Myers and Mr. Olson are individual employees of Foss. Accordingly, they are not proper parties to a wrongful termination suit brought under Section 301 of the LMRA.  The Court thus finds that there are no set of facts that can be proven under the proposed SAC that would constitute a valid and sufficient claim of "willful contribution to wrongful termination" against Mr. Myers and Mr. Olson.  Granting Mr. Bosworth leave to amend his Complaint to add this claim against Mr. Meyers and Mr. Olson would be futile.

B.  Claims Based on Mr. Bosworth's Injury

1.  Mr. Bosworth's IIED Claim

In his original Complaint, Mr. Bosworth asserted an IIED claim under state law, which the district court dismissed pursuant to Rule 12(b)(6) in its March 21, 2016 Order.  Mr. Bosworth asserts an IIED claim again in his proposed SAC; however, the Court is unable to determine whether Mr. Bosworth is asserting his IIED claim under the Jones Act or under Hawaiʻi state law.

The proposed SAC states that jurisdiction of his claims fall under the Jones Act, and his proposed SAC repeatedly refers to Mr. Bosworth's status as a "Jones Act Seaman."  *See e.g.*, ECF N. 57 at 2 ("Plaintiff holds a U.S. Cost Guard issue 200 Ton Master of Tow Captains license and is a lifelong Jones Act Seaman."); *Id*. at 11 (asserting that as a "Jones Act Seamen [sic]," Mr. Bosworth's "only apparent legal avenue" is federal court).

Mr. Bosworth's proposed SAC, however asserts claims under both federal and state law.  Accordingly, it is unclear whether Mr. Bosworth brings his IIED claim under state law or the Jones Act.  Notwithstanding this lack of clarity, the Court finds that Mr. Bosworth's IIED claim under both state law and the Jones Act fails to state a claim upon which relief can be granted.

a.  IIED Claim Under State Law

The district court explained in its March 21, 2016 Order that an IIED claim under state law requires the following four elements:  "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was

18

outrageous, and 3) that the act caused 4) extreme emotional distress to another."
*Hac v. Univ. of Hawai'i*, 102 Haw. 92, 106–07, 73 P.3d 46, 60–61 (2003).  The
district court found that Mr. Bosworth's Complaint failed to state sufficient factual
allegations to allow the Court to draw the reasonable inference that Foss was liable
for IIED.  ECF No. 13.

     This Court finds that the proposed SAC similarly fails to state
sufficient factual allegations to allow a court to draw reasonable inferences that
Foss is liable for IIED under Hawai'i state law.

     Under Hawai'i state law, termination alone, even if the termination is
based on an impermissible ground, is not sufficient to support an IIED claim
without a showing of something outrageous about the manner or process of
termination.  *Simmons v. Aqua Hotels & Resorts, Inc.*, 130 Haw. 325, 332, 310
P.3d 1026, 1033 (App. 2013).  *See also Shoppe*, 94 Haw. at 377–78, 14 P.3d at
1058–59 (employee's allegations of termination based on age discrimination and
of manager's "vicious" verbal attack, shouting, and criticism in front of other
employees were insufficient to create a genuine issue of fact of outrageousness).
Mr. Bosworth asserts that after Foss informed Mr. Bosworth that he would be
placed on training status, Foss sent Mr. Myers and Mr. Olson to serve as his
trainers.  Mr. Bosworth contends that Mr. Myers and Mr. Olson watched over Mr.
Bosworth, badgered him, and criticized him for five days.  ECF No. 57 at 7.  Mr.

Bosworth maintains that he had to take time off of work to see a psychologist to "try and deal with the stress, anxiety, and loss of sleep" that he was experiencing as a result of the training process. *Id.*

Although the Court recognizes that this was a difficult situation for Mr. Bosworth, these actions do not rise to the level of "outrageousness" required under state law to prevail on an IIED claim. Accordingly, the Court finds that Mr. Bosworth's IIED claim fails as a matter of law. *See SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) ("The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.") (internal quotations omitted) (citation omitted).

b. IIED Claims Under the Jones Act

The Court finds that Mr. Bosworth's IIED claim would equally be futile under the Jones Act. The Jones Act provides a civil cause of action for seamen injured in the course of their employment. 46 U.S.C. § 30104 ("A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer."). To qualify as a seaman under the Jones Act, the worker must show that his duties contribute to the function of the vessel or to the accomplishment of its mission, and that the worker has a connection to a vessel in navigation that is substantial in terms of both its

duration and nature.  *Boy Scouts of Am. v. Graham*, 86 F.3d 861, 864 (9th Cir.

1996).  Neither Foss nor IBU disputes Mr. Bosworth's status as a seaman under the

Jones Act.

It is unclear, however, whether IIED claims are cognizable under the

Jones Act.  This district has observed that the rule in the Ninth Circuit is unclear,

but that such claims *may* be cognizable under admiralty law in this circuit.  *Yballa*

*v. Sea-Land Services, Inc*., 919 F.Supp. 1428, 1436–37 (D. Haw. 1995) ("in *Chan*,

the Ninth Circuit, upon considering the Supreme Court's opinion in [*Consol. Rail*

*Corp. v. Gottshall*, 512 U.S. 532, 546 (1994)], seemed to hold *generally* that

'claims for emotional distress are cognizable under admiralty law,' even though

*Chan* dealt only with negligent infliction of emotional distress.") (emphasis in

original).

Notwithstanding this lack of a definitive statement on the law in this

circuit, this district has held that employees bringing claims for emotional distress

must establish that the employee suffered "severe emotional injury" as the result of

"unconscionable abuse" or "extreme and outrageous conduct."  *See id*. at 1434.

(electing not to decide whether IIED was actionable under the Jones Act because it

found that even assuming the plaintiff suffered "'severe emotional injury,' [he]

was not subject to the 'unconscionable abuse' or 'extreme and outrageous conduct'

necessary to support a claim for [IIED].").  Here, Mr. Bosworth states that he is

seeking "punitive damages for pain and suffering associated with intentional infliction of emotional distress (IIED) that has led to [his] current PSTD [sic] condition." *See* ECF No. 57 at 3.  As stated above, Mr. Bosworth alleges that Foss's attempt to train him "got so stressful that [he] had to take some sick time off and go to the EPA in order to seek council from a company sanctioned psychologist to try and deal with the stress, anxiety and loss of sleep that [he] was experiencing as a result of this process." *Id.*

These statements fail to establish, however, that Mr. Bosworth suffered a "severe emotional injury" or that any such injury was a result of unconscionable abuse, or the extreme and outrageous conduct necessary to support an IIED claim under the Jones Act.  Accordingly, even if Mr. Bosworth's IIED claim were cognizable under the Jones Act, his proposed SAC fails to state sufficient factual allegations to allow this Court to draw the reasonable inference that Foss is liable for IIED under the Jones Act.  Thus, granting Mr. Bosworth leave to amend his Complaint to include an IIED claim under either state law or the Jones Act would be futile.

2.  Mr. Bosworth's NIED Claim

The proposed SAC also asserts a claim for NIED against Foss. Similar to the IIED claim, this Court is unable to determine whether Mr. Bosworth brings his NIED claim under state law or under the Jones Act.  The Court finds,

however, that under either law, granting Mr. Bosworth leave to amend his Complaint to include an NIED claim would be futile.

> a.  NIED Claim Under State Law

Under Hawaiʻi state law, an NIED claim is "a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles." *Doe Parents No. 1 v. State, Dept. of Educ.*, 100 Haw. 34, 69, 58 P.3d 545, 580 (2002) (internal quotations omitted) (citations omitted).  An ordinary negligence claim requires that a plaintiff establish (1) that the defendant owed the plaintiff a duty of care, which (2) the defendants breached, thereby (3) legally causing (4) actual injury to the plaintiffs.  *Id*. at 68, 58 P.3d at 579.  An NIED claimant must also establish, "incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim . . . ) that *someone* was physically injured by the defendant's conduct, be it the plaintiff himself or herself[,] or someone else."  *Id*. at 69-70, 58 P.3d at 580-81 (citation omitted).

Here, the proposed SAC does not contain any allegations of physical injury to Mr. Bosworth or anyone else.  The proposed SAC asserts only emotional and psychological distress.  Accordingly, the Court finds the proposed SAC fails to allege sufficient factual allegations to allow this Court to draw the reasonable inference that Foss is liable under state law for NIED.

> b.  NIED Claim Under the Jones Act

23

"A claim for negligent infliction of emotional distress is cognizable under the Jones Act." *Yballa,* 919 F.Supp. at 1434 (citing *Chan*, 39 F.3d at 1409). Similar to Hawaiʻi state law, however, the Ninth Circuit appears to hold that a plaintiff may not recover for emotional injury unless he also sustained an accompanying physical contact. *Id*. at 1434 (citing *Chan*, 39 F. 3d at 1409). Verbal harassment and abuse is insufficient. *See id*. (holding that plaintiff could not recover as a matter of law because the plaintiff did not sustain a physical contact, only verbal harassment and abuse by a superior).  Here, Mr. Bosworth does not allege any physical contact.  Mr. Bosworth only alleges "badgering" and criticism.  ECF No. 57 at 7.  Accordingly, because it appears that Mr. Bosworth did not sustain any physical contact, he may not recover for NIED under the Jones Act as a matter of law.  Thus, granting Mr. Bosworth leave to amend his Complaint to include an NIED claim under either state law or the Jones Act would be futile.

## CONCLUSION

The Court FINDS that granting Mr. Bosworth's proposed SAC would be futile because each of his claims would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Accordingly, this Court RECOMMENDS that the district court DENY Mr. Bosworth's Motion for Leave to File a Second Amended Complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaiʻi, July 29, 2016.



   /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

---

*BOSOWORTH V. FOSS MARITIME, ET AL; CV 15-00285 LEK-KJM;* FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF LARRY BOSWORTH'S MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT