IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LARRY NEAL BOSWORTH,           )     CIVIL 15-00285 LEK-BMK
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
FOSS MARITIME, INLAND          )
BOATMAN'S UNION, RODNEY ALLEN  )
MYERS, WHITNEY (WHIT) OLSON,   )
                               )
          Defendants.          )
_____)

**ORDER DENYING PLAINTIFF'S OBJECTIONS AND AFFIRMING THE MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF LARRY
BOSWORTH'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

On July 29, 2016, the magistrate judge filed his

Findings and Recommendation to Deny Plaintiff Larry Bosworth's

Motion for Leave to File a Second Amended Complaint ("F&R").

[Dkt. no. 78.]  Pro se Plaintiff Larry Neal Bosworth

("Plaintiff") filed his objections to the F&R on August 29,

2016.[1]  [Dkt. no. 82.]  Defendants Foss Maritime Company

("Foss"), Rodney Allen Myers, and Whitney Olson (collectively

"the Foss Defendants") filed their response to the Objections

("Foss Response") on September 19, 2016.  [Dkt. no. 87.]

Defendant Inlandboatmen's Union of the Pacific ("IBU") filed two

_____

[1] The document is titled "Responce [sic] to July 29th
Findings and Recommendations to Deny Plaintiff Larry Bosworth's
Motion for Leave to File a Second Amended Complaint."  On
September 2, 2016, this Court issued an entering order ("9/2/16
EO") construing the document as Plaintiff's Objections and
stating that this Court would consider the Objections, even
though they were untimely.  [Dkt. no. 86.]

responses to the Objections ("IBU Response") on September 20, 2016.[2] [Dkt. nos. 88, 89.]  Although the 9/2/16 EO did not give him leave to file further briefing, on September 20, 2016, Plaintiff filed a document titled "Optional Statement in Resposne to Order Regarding Plaitniffs [sic] 8/29 Filing." [Dkt. no. 90.] The Court has considered this matter without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Objections, the responses, and the relevant legal authority, the Objections are HEREBY DENIED, and the F&R is HEREBY ADOPTED for the reasons set forth below.

## BACKGROUND

The instant case arises from a series of events that culminated in the allegedly wrongful termination of Plaintiff's employment with Foss and IBU's alleged failure to properly represent him in connection with his termination.  The crux of Plaintiff's allegations is that Foss required him to undergo a training program, but the program was merely a pretext. According to Plaintiff, Foss did not actually provide him with any training and instead placed him in high-stress job situations where he was likely to fail.  Foss intended to use Plaintiff's

---

[2] This appears to be inadvertent because IBU's two responses appear to be substantively identical.

poor performance in the purported training program as the reason for his termination, but Plaintiff argues that this was merely a pretext.

On March 21, 2016, this Court issued an order that granted in part and denied in part both the Foss Defendants' motion to dismiss and IBU's motion to dismiss ("3/21/16 Order"). [Dkt. no. 53.]  In the 3/21/16 Order, this Court dismissed all of Plaintiff's claims pursuant to either Fed. R. Civ. P. 8(a)(2) or Fed. R. Civ. P. 12(b)(6).  The dismissal was without prejudice, and this Court allowed Plaintiff to file a motion seeking leave to file a second amended complaint.  [3/21/16 Order at 18-19.]

On April 29, 2016, Plaintiff filed a document titled "Motion for Leave to File a Second Amended Complaint."  [Dkt. no. 57.]  The magistrate judge liberally construed the document as both a motion seeking leave to amend ("Motion for Leave") and a proposed Second Amended Complaint ("Proposed Complaint").  [F&R at 5.]  The magistrate judge construed the Proposed Complaint as alleging the following claims: 1) a § 301 hybrid claim against Foss and IBU, pursuant to 29 U.S.C. § 185; 2) a wrongful termination claim against Foss, alleging a violation of Haw. Rev. Stat. § 378-32; 3) a breach of contract claim against Foss; 4) a fraud claim against Foss; 5) a claim that Myers and Olson willfully contributed to his wrongful termination; and 6) claims alleging the infliction of emotional distress.  The magistrate

3

judge noted that it was unclear whether Plaintiff was alleging claims under Hawai`i law for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims or a claim for emotional distress under the Jones Act, 46 U.S.C. § 30104, *et seq.*[3] [Id. at 7-8.]

The magistrate judge concluded that all of the claims in the Proposed Complaint were futile and recommended that this Court deny Plaintiff's Motion for Leave. The magistrate judge concluded that Plaintiff's hybrid § 301 claim was futile because he failed to commence this action within the applicable statute of limitations period. [Id. at 8-11.] The magistrate judge concluded that Plaintiff's § 378-32 claim was futile because subsection (a)(2) was the most closely applicable, and it prohibited termination because of an injury that is compensable under Haw. Rev. Stat. Chapter 386, which governs workers' compensation. The magistrate judge concluded that Chapter 386 did not apply to Plaintiff because he was a Jones Act seaman, and therefore he could not bring a § 378-32(a)(2) wrongful termination claim. [Id. at 11-12.] The magistrate judge interpreted Plaintiff's fraud claim and breach of contract claim as arising from his wrongful termination. He concluded that these claims failed to state a claim and, even if these claims

---

[3] 46 U.S.C. § 30104 states: "A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer."

4

could be amended, they would be preempted by § 301 of the LMRA.[4]
He therefore concluded that those claims were futile.  [Id. at
12-16.]  As to Plaintiff's claim alleging that Myers and Olson
willfully contributed to his wrongful termination, the magistrate
judge construed this as arising under § 301, and concluded that
the claim was futile because individuals are not proper parties
in § 301 claims.  [Id. at 16-17.]

To the extent that the Proposed Complaint alleged a
state law IIED claim, the magistrate judge concluded that it was
futile because the allegations in the Proposed Complaint were not
sufficient to state an IIED claim.  [Id. at 18-20.]  To the
extent that Plaintiff alleged a claim for intentional infliction
of emotional distress pursuant to the Jones Act, the magistrate
judge noted that it was not clear whether such a claim was
cognizable under the Jones Act.  [Id. at 20-21.]  However, if it
is, it would require a "'severe emotional injury' as the result

_____

[4] The magistrate judge stated:

"Section 301(a) of the [Labor Management
Relations Act ("LMRA")] provides a federal remedy
for breach of a collective-bargaining agreement."
Groves v. Ring Screw Works, Ferndale Fastener
Div., 498 U.S. 168, 172 (1990).  This section
authorizes "'suits by and against individual
employees as well as between unions and
employers,' including actions against an employer
for wrongful discharge."  Id. (citing Hines v.
Anchor Motor Freight, Inc., 424 U.S. 554, 562
(1976).

[F&R at 8 (alteration in F&R).]

of 'unconscionable abuse' or 'extreme and outrageous conduct.'"
[Id. at 21 (quoting Yballa v. Sea-Land Servs., Inc., 919 F. Supp.
1428, 1434 (D. Hawai`i 1995)).]  The magistrate judge concluded
that Plaintiff's claim was futile because allegations in the
Proposed Complaint did not rise to this level.  [Id. at 21-22.]
To the extent that Plaintiff alleged a state law NIED claim, the
magistrate judge concluded that it was futile because Plaintiff
did not allege a physical injury to Plaintiff or another person,
which is a required element of an NIED claim.  [Id. at 23.]  To
the extent that Plaintiff alleged a claim for negligent
infliction of emotional distress pursuant to the Jones Act, the
magistrate judge concluded that it was futile because Plaintiff
did not allege the required element of physical contact.  [Id. at
24.]

     Plaintiff raises the following objections to the F&R:
1) the magistrate judge erred when he concluded that Plaintiff's
hybrid § 301 claim was untimely; 2) the Jones Act is not his
exclusive remedy and does not preclude him from bringing a
workers' compensation claim; 3) he must be allowed to pursue his
Jones Act claims in this case because he tried to pursue state
and federal workers' compensation claims, and he was told such
claims were improper because he had to pursue Jones Act claims in
federal court; 4) he can pursue other types of claims under
§ 378-32 besides a § 378-32(a)(2) claim; 5) the magistrate judge

erred when he interpreted the Proposed Complaint as alleging that his wrongful termination caused him psychological injury – he was already suffering from a psychological injury caused by work-related stress when he was terminated; and 6) the magistrate judge misinterpreted the allegations in support of Plaintiff's fraud claim – it arises from fraudulent statements that were made to him when he called the employee hotline service.   The Court will address each of Plaintiff's arguments in turn.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  United States v. Remsing, 874 F.2d 614, 616 (9th Cir.

1989).

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (alteration in Muegge) (some citations omitted).

## DISCUSSION

### I.   Hybrid § 301 Claim

The magistrate judge was correct when he stated that there is a six-month statute of limitations for hybrid § 301 claims.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 989 n.39 (9th Cir. 2007) (stating that "hybrid § 301/fair representation claims are subject to the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act ('NLRA'), 29 U.S.C. § 160(b)" (citing DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 169–70, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983))).  The magistrate judge was also correct that Plaintiff's claim accrued on May 15, 2014, when IBU informed him that it was not pursuing a grievance on his behalf regarding his termination.  See Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 404 (9th Cir. 1990).  Plaintiff's Objections do not contest these specific conclusions.  Instead, Plaintiff argues that: 1) the limitations period started anew when the 3/21/16 Order "suggested that [he] had a Hybrid 301 action"; [Objections at 5;] and 2) the Jones Act extends the statute of limitations period to three years.

The Ninth Circuit has also described the accrual date of a hybrid § 301 claim as "when an employee knows or should know of the alleged breach of duty of fair representation." Harris, 897 F.2d at 404.  In the instant case, Plaintiff knew or should have known of IBU's alleged breach of its duty of fair representation when he received the May 15, 2014 letter, not when this Court noted in the 3/21/16 Order that he may have been trying to allege a hybrid § 301 claim.  This Court rejects Plaintiff's argument that his hybrid § 301 claim accrued – or that the limitations period restarted – when this Court issued the 3/21/16 Order.

As to Plaintiff's argument that the Jones Act extends the statute of limitations for his hybrid § 301 claim to three years, the United States Supreme Court has held that a court cannot apply the shorter statute of limitations for an unseaworthiness claim when the claim is brought together with a Jones Act negligence claim, which has a three-year statute of limitations.  McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 224-26 (1958).  However, the following was a critical part of the Supreme Court's rationale for its holding:

> The appropriate period of limitations for this action must be determined with an eye to the practicalities of admiralty personal injury litigation.  When a seaman is injured he has three means of recovery against his employer: (1) maintenance and cure, (2) negligence under the Jones Act, and (3) unseaworthiness. . . .  [I]f the seaman is to sue for both unseaworthiness and

> Jones Act negligence, he must do so in a single proceeding. That is a consequence of this Court's decision in <u>Baltimore S.S. Co. v. Phillips</u>, 274 U.S. 316, 47 S. Ct. 600, 71 L. Ed. 1069 (1927), which held that these claims were but alternative 'grounds' of recovery for a single cause of action. A judgment in the seaman's libel for unseaworthiness was held to be a complete 'bar' to his subsequent action for the same injuries under the Jones Act.

<u>Id.</u> at 224–25. There is no corresponding statute or caselaw requiring a seaman to bring a Jones Act claim together with his hybrid § 301 claim. This Court therefore rejects Plaintiff's argument that the applicable statute of limitations period for his hybrid § 301 claim is the three-year statute of limitations for a Jones Act claim. This Court DENIES Plaintiff's Objections as to the magistrate judge's analysis of the hybrid § 301 claim in the Proposed Complaint and ADOPTS the magistrate judge's conclusion that Plaintiff's hybrid § 301 claim in the Proposed Complaint is futile.

## II.  <u>Section 378-32 Claim</u>

The Proposed Complaint alleges "Labor law violations of Section 378-32, (HRS)." [Complaint at ¶ 1.1.] Section 378-32 states:

> (a)  It shall be unlawful for any employer to suspend, discharge, or discriminate against any of the employer's employees:

> (1)  Solely because the employer was summoned as a garnishee in a cause where the employee is the debtor or because the employee has filed a petition in proceedings for a wage earner plan under chapter XIII of the

Bankruptcy Act;

(2)  Solely because the employee has suffered a work injury which arose out of and in the course of the employee's employment with the employer and which is compensable under chapter 386 unless the employee is no longer capable of performing the employee's work as a result of the work injury and the employer has no other available work which the employee is capable of performing.  Any employee who is discharged because of the work injury shall be given first preference of reemployment by the employer in any position which the employee is capable of performing and which becomes available after the discharge and during the period thereafter until the employee secures new employment.  This paragraph shall not apply to any employer in whose employment there are less than three employees at the time of the work injury or who is a party to a collective bargaining agreement which prevents the continued employment or reemployment of the injured employee;

(3)  Because the employee testified or was subpoenaed to testify in a proceeding under this part; or

(4)  Because an employee tested positive for the presence of drugs, alcohol, or the metabolites of drugs in a substance abuse on-site screening test conducted in accordance with section 329B-5.5; provided that this provision shall not apply to an employee who fails or refuses to report to a laboratory for a substance abuse test pursuant to section 329B-5.5.

(b)  It shall be unlawful for an employer or a labor organization to bar or discharge from employment, withhold pay from, or demote an employee because the employee uses accrued and available sick leave; provided that:

(1)  After an employee uses three or more consecutive days of sick leave, an employer

11

or labor organization may require the
employee to provide written verification from
a physician indicating that the employee was
ill when the sick leave was used;

(2)  This subsection shall apply only to
employers who:

(A)  Have a collective bargaining
agreement with their employees; and

(B)  Employ one hundred or more
employees; and

(3)  Nothing in this subsection shall be
construed to supersede any provision of any
collective bargaining agreement or employment
benefits program or plan that provides
greater employee benefits or rights.

The magistrate judge noted that the Proposed Complaint did not

identify which subsection of § 378-32 Plaintiff was bringing his

claim under, but the magistrate judge found that subsection

(a)(2) was "the most applicable." [F&R at 11.]

Plaintiff appears to argue that the magistrate judge

erred in assuming that Plaintiff was bringing his claim pursuant

to subsection (a)(2).  However, the factual allegations of the

Proposed Complaint do not indicate that Plaintiff was discharged

or discriminated against because of: garnishment or bankruptcy

proceedings; <u>see</u> § 378-32(a)(1); his testimony or a subpoena for

his testimony in a proceeding under Chapter 378, Part III; <u>see</u>

§ 378-32(a)(3); or a positive drug or alcohol test; <u>see</u> § 378-

32(a)(4).  Thus, subsection (a)(2) is clearly the most closely

applicable part of subsection (a).

Section 378-32(b) prohibits employers and labor
organizations from barring, discharging, demoting, or withholding
pay from employee because of his use of "accrued and available
sick leave."  Plaintiff's Proposed Complaint alleges that he was:
wrongfully terminated – *i.e.* discharged; denied fair
representation by IBU in connection with his wrongful
termination; and subjected to emotional distress.  [Proposed
Complaint at § 4 (Nature of Complaint).]  The only alleged injury
that could possibly be redressed under § 378-32(b) is Plaintiff's
termination.  The Proposed Complaint makes a number of references
to Plaintiff's use of sick leave, and does state that the final
decision to terminate his employment was made while he was on
sick leave.  [Id. at 7, 9-10.]  However, the Proposed Complaint
does not allege that Plaintiff was terminated because of his use
of sick leave.  The stated reason for Plaintiff's termination was
that he "was a substandard tug operator."  [Id. at 7.]  Plaintiff
alleges that this was a "false pretense," [id.,] but the Proposed
Complaint does not allege that the real reason behind his
termination was his use of sick leave.  It is not clear what
Plaintiff alleges was the improper reason for his termination
behind the pretext of poor performance.  On the one hand, it
seems that Plaintiff alleges that he was terminated because of
his age.  He alleges that Myers

> tried to justify the companies [sic] position by
> explaining to me how the industry has changed and

13

that companies like Foss were no longer settling
for the **old school** Captains.  They were recruiting
out of the Maritime Academies looking for guys
that they could bring up with the big tonnage
mates licenses.  At one point he even thanked me
for my long and incident free service to the
industry but matter-of-factly almost
apologetically assured me that there was no place
for me in the Foss atmosphere.  He told me that
within a year Foss would require all of the former
[Hawaiian Tug & Barge ("HTB")[5]] Captains to up
grade their licenses from 200 ton to 1600 ton.
But in my case that would require me to go back
and take all of the Coast Guard required classes
that I was never required to take.  Companies like
Foss generally pay for those classes but in my
case and **at my age** "no way" would Foss cover those
expenses., [sic] that was essentially why Myers
reasoned that Foss held no future for me.

[Proposed Complaint at 8 (emphases added).]  However, in

discussing his Equal Employment Opportunity Commission ("EEOC")

complaint about the training program, he expressly states that he

"did not come to them with" an age discrimination claim.  [Id. at

5.]  Plaintiff appears to suggest that a superior in the company

targeted Plaintiff "in his quest to move up the ladder in the

newly acquired Foss management atmosphere" and that the Foss's

Seattle-based main office wanted Plaintiff out of the company.

[Id. at 10.]  Although it is not clear what Plaintiff alleges the

real reason for his termination was, it is clear that he has not

claimed that it was the use of sick leave.  Thus, § 378-32(b)

---

[5] According to Plaintiff, Foss took over HTB, effective
January 1, 2014, and the HTB employees became employees of Foss's
Hawai`i division.  [Proposed Complaint at ¶ 6.2.]  Plaintiff was
hired by HTB on May 12, 2012.  [Id. at ¶ 6.1.]

does not apply to Plaintiff's § 378-32 claim in the Proposed Complaint.  The magistrate judge was correct that § 378-32(a)(2) is the only subsection that arguably applied based on Plaintiff's allegations.  This Court therefore rejects Plaintiff's argument that the magistrate judge applied the wrong subsection of § 378-32.

As relevant to the instant case, § 378-32(a)(2) prohibits an employer from suspending, discharging, or discriminating against an employee "[s]olely because the employee has suffered a work injury which arose out of and in the course of the employee's employment with the employer and which is compensable under chapter 386."  Plaintiff does allege that he suffered a work injury in the course of his employment – emotional distress, including anxiety and loss of sleep, caused by the training program that he was required to go through.  [Proposed Complaint at 7.]  Although he does not allege that he was terminated because of his use of sick leave, he does allege that he attempted to return to work after a doctor gave him medical clearance, but Foss would not allow him to return to work, claiming that the main office was reviewing his doctor's note.  Plaintiff never returned to work.  [Id. at 9-10.]  Liberally construed,[6] the Proposed Complaint alleges that Foss

_____

[6] This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se.  See, e.g., Eldridge v. Block,
(continued...)

15

discriminated against Plaintiff because of his work injury by refusing to allow him to return to work even after he received medical clearance.

The magistrate judge concluded that § 378-32 did not apply because Plaintiff's injuries are not compensable under Chapter 386.  [F&R at 11.]  Section 378-32(a)(2) applies if the employee's work injury is compensable under Chapter 386, Hawaii's Workers' Compensation Law.  As noted by the magistrate judge, Chapter 386 applies "to employees and employers engaged in interstate and foreign commerce and to employees in maritime employment and their employers **not otherwise provided for by the laws of the United States**."  Haw. Rev. Stat. § 386-7 (emphasis added).  The magistrate judge concluded that Plaintiff's alleged work injury is not compensable under Chapter 386 because Plaintiff's relief is provided for by the Jones Act.  [F&R at 11.]

In the Objections, Plaintiff argues that the Jones Act does not preclude him from recovering under Chapter 386.  Plaintiff's Proposed Complaint clearly asserts that the Jones Act applies to Plaintiff.  See, e.g., Proposed Complaint at ¶ 2.1

---

[6](...continued)
832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

("Jurisdiction of this matter falls under The Jones Act[.]"),

¶ 3.1 (stating that Plaintiff "is a lifelong Jones Act Seaman").

The Foss Defendants do not contest the applicability of the Jones

Act, instead, they contend that Plaintiff misunderstands the

Jones Act.  See Foss Response at 1.  Thus, it is undisputed that

the Jones Act applies to Plaintiff.  As previously noted, the

Jones Act allows a seaman who has been "injured in the course of

employment" to bring a civil action against his employer.  46

U.S.C. § 30104.  This Court agrees with the magistrate judge

that, because the Jones Act applies to a seaman's work injuries,

pursuant to § 386-7, Hawaii's Workers' Compensation Law is

inapplicable.  Further, because Plaintiff's alleged work injury

is not compensable under Chapter 386, he cannot bring a § 378-

32(a)(2) claim.  This Court therefore DENIES Plaintiff's

Objections as to his argument regarding the magistrate judge's

analysis of his § 378-32 claim, and ADOPTS the magistrate judge's

conclusion that the § 378-32 claim in the Proposed Complaint is

futile.

### III. Jones Act Wrongful Termination

Plaintiff next contends that this Court must allow his

Jones Act claim to go forward because, when he pursued workers'

compensation claims under state and federal law, the claims were

rejected for lack of jurisdiction.  Plaintiff apparently asserts

that he was told that he had to pursue claims under the Jones Act

in federal court.  [Objections at 2-3.]  First, regardless of
what Plaintiff may or may not have been told during his pursuit
of his workers' compensation claims, he cannot pursue Jones Act
claims in this action unless: 1) the type of claims he asserts
under the Jones Act are cognizable in the first instance; and
2) he pleads sufficient factual allegations to state a plausible
claim.  Cf. Cervantes v. Countrywide Home Loans, 656 F.3d 1034,
1043 (9th Cir. 2011) ("[L]eave to amend would be futile because
the plaintiffs cannot state a plausible basis for relief.").

     The magistrate judge recognized that Plaintiff may have
been alleging Jones Act claims related to his emotional distress,
but the magistrate judge concluded that he failed to plead
sufficient factual allegations to support such claims.  This
Court will address the sufficiency of those claims below.

     Plaintiff also alleges that he must be allowed to
pursue his wrongful termination claim under the Jones Act.  [Id.
at 3.]  The magistrate judge did not construe Plaintiff's
Proposed Complaint as alleging a wrongful termination claim under
the Jones Act.  Plaintiff apparently argues that the magistrate
judge erred in his interpretation of the Proposed Complaint.
Even assuming, for the sake of argument, that the Proposed
Complaint presents a wrongful termination claim under the Jones
Act, the claim is futile.  Plaintiff does not cite any legal
authority for his position that a seaman can bring a wrongful

18

termination claim under the Jones Act.

> Absent a contractual agreement to the
> contrary, a seaman's employment is generally
> terminable at will.  See Smith v. Atlas Off-Shore
> Boat Serv., Inc., 653 F.2d 1057, 1060 (5th Cir.
> 1981).  In some circumstances, however, a court
> sitting in admiralty will recognize a wrongful
> termination cause of action when the termination
> violates an important public policy.  Thus, in
> Smith, the leading case in this area, the court
> held that a seaman who was fired in retaliation
> for filing a personal injury action under the
> Jones Act could bring **a wrongful termination claim
> under the general federal maritime law**.

Seymore v. Lake Tahoe Cruises, Inc., 888 F. Supp. 1029, 1034–35

(E.D. Cal. 1995) (emphasis added) (footnotes omitted).  Cases

such as Seymore illustrate that termination is not an "injury"

that is actionable under the Jones Act.  Thus, to the extent the

Proposed Complaint alleges a wrongful termination claim under the

Jones Act, it would be futile.

It would also be futile to allow Plaintiff to try to

file a new proposed complaint alleging a wrongful termination

claim under general federal maritime law.  As the magistrate

judge stated:

> When employment is governed by the terms of a
> collective bargaining agreement between the
> employer and a union, claims such as wrongful
> termination and breach of contract are preempted
> by section 301 of the LMRA.  See Mayjor [v.
> Harrah's Las Vegas, Inc.], 136 Fed. Appx. [15,]
> 16–17 (9th Cir. 2005) (holding that the district
> court properly determined that the plaintiff
> employee's wrongful termination and breach of
> contract claim were preempted by section 301 of
> the LMRA because plaintiff's employment was
> governed by the terms of the collective bargaining

19

agreement between his employer and his union).
[F&R at 15.]  It is undisputed that Plaintiff's employment with
Foss was governed by the terms of the collective bargaining
agreement between Foss and IBU.  Plaintiff therefore cannot bring
a wrongful termination claim under general federal maritime law
because it would be preempted by § 301 of the LMRA.  Allowing
Plaintiff to propose such a claim would be futile.  This Court
therefore DENIES Plaintiff's Objections as to his argument that
he should be allowed to pursue a wrongful termination claim under
either the Jones Act or general federal maritime law.

## IV.  Alleged Misinterpretation of Plaintiff's Injury

The magistrate judge noted that Plaintiff "appears to
allege that [his] wrongful termination caused him psychological
injury." [F&R at 8.]  Plaintiff argues that the magistrate judge
erred in interpreting the Proposed Complaint in this manner
because "[t]he psychological injury that [he] suffered . . . was
diagnosed and documented a month prior to [his] wrongful
termination." [Objections at 3.]  However, even assuming, for
the sake of argument, that this was error, the error was
harmless.

The magistrate judge clearly addressed Plaintiff's
factual allegations regarding the psychological injury that
Plaintiff suffered prior to his wrongful termination.  For
example, the magistrate judge stated:

20

> Mr. Bosworth alleges that Foss's attempt to train him "got so stressful that [he] had to take some sick time off . . . in order to seek council from a company sanctioned psychologist to try and deal with the stress, anxiety and loss of sleep that [he] was experiencing as a result of this process."

[F&R at 22 (some alterations in F&R) (quoting Proposed Complaint at 3).] The magistrate judge clearly considered the factual allegations regarding Plaintiff's pre-termination psychological injury when he evaluated the claims in the Proposed Complaint, and he concluded that all of the allegations regarding Plaintiff's psychological injury were insufficient to allege plausible claims for relief. Therefore, any error in considering Plaintiff's psychological injury from his termination was harmless because, even if he did not allege a psychological injury arising from his termination, the magistrate judge still would have concluded that Plaintiff's claims based on psychological injury were futile because they were not supported by sufficient factual allegations.

This Court therefore DENIES Plaintiff's Objections as to his argument regarding the erroneous reading of the allegations about the cause of his psychological injury. This Court ADOPTS the magistrate judge's conclusion that Plaintiff's claims – under Hawai`i law and under the Jones Act – based on his psychological injury are futile.

## V.   **Alleged Misinterpretation of Fraud Claim**

As to Plaintiff's claim for "[w]rongful termination by way of fraud," [Proposed Complaint at ¶ 4.2,] the magistrate judge stated that Plaintiff "alleges that he called the company's ethics hotline.  Although his statements are very difficult to follow, it appears that Mr. Bosworth was dissatisfied with how the individuals from the ethics hotline handled his call, and thus, he believes this amounts to fraud." [F&R at 14 (citing Proposed Complaint at 9).]  Plaintiff alleges that the magistrate judge erred in concluding that this claim was futile because the Proposed Complaint includes all of the required elements of a fraud claim.  [Objections at 5.]

Plaintiff does allege the who, what, when, where, and how of the alleged fraudulent statements by Skip Volkle – someone from Foss management who allegedly misrepresented himself to Plaintiff as being from a neutral third-party on the ethics hotline.  [Proposed Complaint at 9-10.]  However, Plaintiff does not allege that Mr. Volkle made the allegedly fraudulent statements in contemplation that Plaintiff would rely on them, nor does Plaintiff allege how he relied on Mr. Volkle's statements.  See 3/21/16 Order at 14 (describing the elements of a fraud claim).  Thus, this Court agrees with the magistrate judge that Plaintiff's Proposed Complaint fails to allege sufficient facts to state a fraud claim.

22

Further, even if this Court assumed, for the sake of argument, that Plaintiff's Proposed Complaint does allege the elements of the fraud claim, it is important that Plaintiff alleges fraud in the context of his wrongful termination claim; he does not merely allege a fraudulent misrepresentation claim. See Proposed Complaint at ¶ 4.2.  As previously discussed, Plaintiff's common law wrongful termination claims – such as this fraud-based claim – are preempted by § 301 of the LMRA.  Thus, even if the Proposed Complaint alleges all of the elements of fraud, the "[w]rongful termination by way of fraud" claim would be preempted.

This Court therefore DENIES Plaintiff's Objections as to his arguments regarding the fraud claim, and AFFIRMS the magistrate judge's conclusion that Plaintiff's "[w]rongful termination by way of fraud" claim is futile.

**VI.  <u>Summary</u>**

This Court has denied all of the arguments in the Objections.  The arguments that this Court has addressed are the primary arguments that Plaintiff raises in the Objections.  To the extent that Plaintiff raises other arguments in the Objections that this Court has not specifically addressed in this Order, this Court also REJECTS those arguments.

Finally, this Court notes that, on June 7, 2016, the magistrate judge issued an entering order ("6/7/16 EO") allowing

23

the parties to submit additional briefing addressing, among other things, whether the Proposed Complaint "states a claim upon which relief can be granted against any of the Defendants under the Age Discrimination in Employment Act [("ADEA")], 29 U.S.C. § 621 et seq." [Dkt. no. 67.]  In his June 17, 2016 response to the 6/7/16 EO, Plaintiff stated, "I believe that it is clear and obviously approbate to anchor my claim on the foundation of the Age Discrimination Act." [Dkt. no. 75 at 6.]  The magistrate judge, however, decided that Plaintiff's response did not establish that the Proposed Complaint alleged an ADEA age discrimination claim, and the magistrate judge did not address age discrimination in the F&R.[7]  Because Plaintiff did not raise the issue in his Objections, this Court makes no findings or conclusions regarding whether: 1) the Proposed Complaint includes an ADEA claim; and 2) if it does, whether the claim is futile.

This Court CONCLUDES that Plaintiff's Objections do not contain any ground that warrants rejection of the magistrate judge's F&R.

---

[7] Plaintiff mentions "age discrimination," but not in the context of an ADEA claim.  See Objections at 5 ("the clock on this 'Hybrid action" [sic] should start when the EEOC issued my Right To Sue letter, because every thing in my complaint falls under the umbrella of the age discrimination charge that my suit is founded on"); id. ("Hybrid action falls under the umbrella of EEOC age discrimination right to sue letter").

## CONCLUSION

On the basis of the foregoing, Plaintiff's objections to the magistrate judge's July 29, 2016 Findings and Recommendation to Deny Plaintiff Larry Bosworth's Motion for Leave to File a Second Amended Complaint, which Plaintiff filed on August 29, 2016, are HEREBY DENIED.   The magistrate judge's F&R is HEREBY ADOPTED in its entirety.   Plaintiff's Motion for Leave to File a Second Amended Complaint, filed April 29, 2016, is therefore DENIED.

There being no claims remaining in this case, this Court DIRECTS the Clerk's Office to enter final judgment and close the case on **November 21, 2016**, unless Plaintiff files a motion for reconsideration of this Order by **November 17, 2016**. The final judgment shall be in favor of Defendants pursuant to this Court's March 21, 2016 order and the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2016.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

LARRY BOSWORTH VS. FOSS MARITIME, ET AL; CIVIL 15-00285 LEK-KJM;
ORDER DENYING PLAINTIFF'S OBJECTIONS AND AFFIRMING THE MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF LARRY
BOSWORTH'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT