IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY NEAL BOSWORTH, | ) | CIVIL 15-00285 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FOSS MARITIME, INLAND BOATMAN'S UNION, RODNEY ALLEN MYERS, WHITNEY (WHIT) OLSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION OF
ORDER DENYING PLAINTIFF'S OBJECTIONS DATED 10-31-16**

On October 31, 2016, this Court issued its Order Denying Plaintiff's Objections and Affirming the Magistrate Judge's Findings and Recommendation to Deny Plaintiff Larry Bosworth's Motion for Leave to File a Second Amended Complaint ("10/31/16 Order"). [Dkt. no. 93.] On November 17, 2016, pro se Plaintiff Larry Bosworth ("Plaintiff") filed a motion that primarily seeks reconsideration of the 10/31/16 Order ("Motion for Reconsideration"). [Dkt. no. 94.] On December 5, 2016, Defendants Foss Maritime Company ("Foss"), Rodney Allen Myers, and Whitney Olson (collectively, "Foss Defendants") filed their memorandum in opposition, and Defendant Inlandboatmen's Union of the Pacific ("IBU") filed its memorandum in opposition. [Dkt. nos. 98, 99.] Plaintiff filed his reply on December 22, 2016. [Dkt. no. 100.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e)

of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant background is set forth in the 10/31/16 Order, and this Court only repeats the events that are relevant to the Motion for Reconsideration.

On April 29, 2016, Plaintiff filed a document titled "Motion for Leave to File a Second Amended Complaint."  [Dkt. no. 57.]  The magistrate judge liberally construed the document as both a motion seeking leave to amend ("Motion for Leave") and a proposed Second Amended Complaint ("Proposed Complaint").  [Findings and Recommendation to Deny Plaintiff Larry Bosworth's Motion for Leave to File a Second Amended Complaint ("F&R"), filed 7/29/16 (dkt. no. 78), at 5.]  The magistrate judge construed the Proposed Complaint as alleging the following claims: 1) a § 301 hybrid claim against Foss and IBU, pursuant to 29 U.S.C. § 185; 2) a wrongful termination claim against Foss, alleging a violation of Haw. Rev. Stat. § 378-32; 3) a breach of contract claim against Foss; 4) a fraud claim against Foss; 5) a claim that Myers and Olson willfully contributed to his wrongful termination; and 6) claims alleging the infliction of emotional

distress. The magistrate judge noted that it was unclear whether Plaintiff was alleging claims under Hawai`i law for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims or a claim for emotional distress under the Jones Act, 46 U.S.C. § 30104, *et seq.*[1] [Id. at 7-8.]

Plaintiff filed objections to the F&R ("Objections") on August 29, 2016. [Dkt. no. 82.] In ruling on Plaintiff's Objections in the 10/31/16 Order, this Court: adopted the magistrate judge's conclusion that Plaintiff's hybrid § 301 claim in the Proposed Complaint was futile; adopted the magistrate judge's conclusion that Plaintiff's § 378-32 claim was futile; rejected Plaintiff's argument that he should be allowed to pursue a wrongful termination claim under either the Jones Act or general federal maritime law; adopted the magistrate judge's conclusion that Plaintiff's claims based on his psychological injury – under Hawai`i law and under the Jones Act – were futile; and affirmed the magistrate judge's conclusion that Plaintiff's claim alleging "[w]rongful termination by way of fraud" was futile.

The 10/31/16 Order also pointed out that the magistrate judge concluded that the Proposed Complaint did not allege an age

---

[1] 46 U.S.C. § 30104 states: "A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer."

discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Plaintiff did not raise an issue regarding the ADEA in his Objections. This Court therefore made no findings or conclusions about whether the Proposed Complaint included an ADEA claim and, if so, whether the claim was futile.

This Court concluded that the Objections did not raise any grounds that warranted rejection of the magistrate judge's F&R and adopted the F&R in its entirety.

In the Motion for Reconsideration, Plaintiff asks this Court to reconsider: the 10/31/16 Order "under a De Novo standard"; and the denial of his earlier request for the appointment of counsel.[2] [Motion for Reconsideration at 1.[3]] Plaintiff argues that the request should not have been denied on the ground that his claims lack merit because his claims do have merit.

---

[2] On December 9, 2015, Plaintiff filed his Request for Appointment of Counsel under the Civil Rights Act of 1964. [Dkt. no. 38.] The magistrate judge issued an order denying the request on December 16, 2015, and Plaintiff filed an appeal of the order on December 23, 2015. [Dkt. no. 39, 40.] On February 16, 2016, this Court denied the appeal and affirmed the magistrate judge's order. [Dkt. no. 47.]

[3] Plaintiff's Motion for Reconsideration does not have page numbers. The page numbers in the citations to the Motion for Reconsideration refer to the page numbers assigned to the document in the district court's electronic case filing system.

As to the 10/31/16 Order, Plaintiff argues: this is a Jones Act case; he has a well documented injury that constitutes the severe emotional injury necessary to support a claim for intentional infliction of emotional distress pursuant to the Jones Act; this Court failed to consider evidence favorable to Plaintiff's claims, including a letter by Mike Clawson and evidence showing that Foss fabricated the allegations that he was not a competent tug operator; and his fraud claim was not limited to statements made during his call to the employee hotline. Plaintiff also argues a violation of "U.S. CODE 45,352 Section 905(a)" and that Foss has wrongfully denied him temporary disability insurance benefits.  [Motion for Reconsideration at 5-6.]

## DISCUSSION

I. **Applicable Standard of Review**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted).  This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to

> light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

Thus, although the 10/31/16 Order applied a de novo standard to the magistrate judge's F&R, [10/31/16 Order at 7-8 (describing standards applicable to a party's objections to a magistrate judge's findings and recommendations),] the de novo standard does not apply to this Court's review of Plaintiff's Motion for Reconsideration. To the extent that Plaintiff argues that this Court should review its 10/31/16 Order – or any other order in this case – under a de novo standard, Plaintiff's Motion for Reconsideration is DENIED.

**II. Scope of the 10/31/16 Order**

The magistrate judge concluded that all of the claims in Plaintiff's Proposed Complaint were futile, and this Court adopted those conclusions. As the magistrate judge stated:

> A district court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

6

> "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "When a court denies leave to amend on the ground of futility, it means that the court has reached the legal conclusion that the amended complaint could not withstand a [Fed. R. Civ. P.] 12(b)(6) motion." Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc., No. CIV. 11-00515 SOM, 2013 WL 1337007, at *5 (D. Haw. Mar. 28, 2013) (citing Miller, 845 F.2d at 214).

[F&R at 5-6 (some alterations in the F&R).] Further,

> Only a complaint that "states a plausible claim for relief" survives a Rule 12(b)(6) motion to dismiss. Evans v. Massachusetts Nurses' Ass'n, No. CIV. 13-00272 SOM, 2013 WL 3731104, at *1 (D. Haw. July 12, 2013). "To state a plausible claim, the complaint must, at a minimum, plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal brackets and internal quotation marks omitted) (citation omitted). . . .

[Id. at 12.] When reviewing a Rule 12(b)(6) motion, this Court assumes that all of the factual allegations in the complaint are true, although it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Thus, in determining whether Plaintiff's claims in the Proposed Complaint were futile, the magistrate judge and this Court assumed that the factual allegations in the Proposed

Complaint were true and concluded that, even with that assumption, Plaintiff still failed to allege plausible claims for relief.  Based on that standard, this Court was not required to consider the evidence – such as correspondence and other exhibits – which Plaintiff contends support his position.  To the extent that the Motion for Reconsideration alleges that this Court should have considered evidence in support of his claims, Plaintiff's Motion for Reconsideration is DENIED.

**III. Arguments Previously Raised**

Plaintiff's Jones Act arguments, emotional injury arguments, and arguments about his fraud claim essentially repeat arguments that he raised in connection with the Motion for Leave and the Objections.  This Court understands that the events giving rise to this case were, and continue to be, traumatic for Plaintiff, and that he is disappointed with the outcome of this case.  However, Plaintiff's disagreement with this Court's rulings is not a sufficient ground for reconsideration of the 10/31/16 Order.  See Davis, 2014 WL 2468348, at *3 n.4.  Further, this Court cannot grant reconsideration "based on evidence and legal arguments that a movant could have presented at the time of the challenged decision." Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

8

This Court therefore CONCLUDES that the Motion for Reconsideration's Jones Act arguments, emotional injury arguments, and fraud arguments do not present any grounds that warrant reconsideration of the 10/31/16 Order.

## IV. Other Arguments

In the Motion for Reconsideration, Plaintiff states:

> I would like to point out that U.S. CODE 45,352 [sic] Section 905(a) states
>
> "Where an employer fails to secure compensation and medical care, or takes action "with the intent to avoid the payment of compensation" the corporation can be charged with a crime. The President, Secretary and Treasurer of the corporation may be imprisoned for a period of up to one year ........"

[Motion for Reconsideration at 5 (some alterations in original).] He also states, "[i]n my opinion it is Skip Volkle that is liable for the communicative unlawful treatment that violates U.S. COAD [sic] 45,352 Section 905." [Id.] Plaintiff may be referring to 33 U.S.C. § 938, which addresses criminal penalties regarding Longshore and Harbor Workers' Compensation. This Court CONCLUDES that Plaintiff's arguments regarding Skip Volkle's alleged criminal liability are not relevant to any of the claims in Plaintiff's Proposed Complaint and do not constitute sufficient grounds to warrant reconsideration of the 10/31/16 Order.

Similarly, Plaintiff's allegations regarding the denial of temporary disability insurance benefits are not relevant to the claims in the Proposed Complaint and do not constitute a

9

sufficient ground to warrant reconsideration of the 10/31/16 Order.

**V.  Summary**

This Court CONCLUDES that Plaintiff has not presented any grounds that warrant reconsideration of the 10/31/16 Order. Plaintiff's Motion for Reconsideration is therefore DENIED as to his request for reconsideration of the 10/31/16 Order.  Because there are no remaining claims in this case, Plaintiff's request for reconsideration of the denial of his request for the appointment of counsel is also DENIED AS MOOT.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Objections Dated 10-31-16, filed November 17, 2016, is HEREBY DENIED.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to enter final judgment and close the case immediately, pursuant to this Court's March 21, 2016 order and October 31, 2016 order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LARRY NEAL BOSWORTH VS. FOSS MARITIME, ET AL; CIVIL 15-00285 LEK-KJM; ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S OBJECTIONS DATED 10-31-16**